

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-21-2007

# Oscar v. Bank One NA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1921

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Oscar v. Bank One NA" (2007). *2007 Decisions*. Paper 1444.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1444

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-1921
_____

CATHERINE A. OSCAR;
ALVIN D. OSCAR,

Appellants

v.

BANK ONE, N.A.;
HOMELOAN FINANCIAL, INC.,
doing business as HLF
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 05-cv-05928)
District Judge:  Honorable John R. Padova
_____

Submitted Under Third Circuit LAR 34.1(a)
February 16, 2007

Before:  SMITH and FISHER, *Circuit Judges*, and DOWD,* *District Judge*.

(Filed: March 21, 2007)
_____

OPINION OF THE COURT
_____

*The Honorable David D. Dowd, Jr., United States District Judge for the Northern District of Ohio, sitting by designation.

FISHER, *Circuit Judge*.

Alvin and Catherine Oscar brought an action against Bank One, N.A. ("Bank One") and others seeking the rescission of their home mortgage on the ground that it violated the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq.* The District Court granted summary judgment in favor of Bank One, and the Oscars appeal that ruling. However, because we find that there is no final order with respect to Homeloan Financial, Inc. ("Homeloan Financial"), another party in the case, we will dismiss this appeal for lack of jurisdiction.

I.

On February 8, 2002, the Oscars refinanced their home mortgage with WMC Mortgage Corporation. The loan was held by Bank One during the period relevant to this case. Alvin Oscar, who was a physician, subsequently suffered health problems that left him without a job. As a result, the Oscars defaulted on their loan, and Bank One instituted a mortgage foreclosure action in March 2004.

In April 2004, the Oscars sent a letter to Bank One and others seeking to rescind their loan. In June of that year, Catherine Oscar filed a Chapter 13 bankruptcy petition in the Bankruptcy Court for the Eastern District of Pennsylvania. Before that court, the Oscars initiated an adversary proceeding against Bank One, WMC Mortgage

Corporation,[1] and Homeloan Financial, seeking the rescission of their loan under TILA and statutory damages for Bank One's failure to rescind. Among other things, they claimed that Bank One had violated TILA by (1) not properly disclosing the variable-rate feature of their loan, and (2) not accurately disclosing the finance charge they would incur in connection with the loan.

In September 2005, the Oscars' bankruptcy case was dismissed, and the adversary proceeding was referred to the District Court pursuant to 28 U.S.C. § 1631. At the time, the Bankruptcy Court had issued a default judgment against Homeloan Financial, but had not yet determined the amount of damages. On February 17, 2006, the District Court entered summary judgment in favor of Bank One on all of the Oscars' claims. This appeal followed.

## II.

Before we may consider the merits of this case, we must satisfy ourselves that we have jurisdiction. Although neither party raises any jurisdictional issue in this case, it is our obligation to raise it sua sponte. *Adapt of Philadelphia v. Philadelphia Housing Authority*, 433 F.3d 353, 361 n.10 (3d Cir. 2006). We conclude that there is no final appealable order under 28 U.S.C. § 1291.

---

[1]The Bankruptcy Court granted a motion for default judgment against WMC Mortgage Corporation, and assessed damages on March 25, 2005.

As we have explained, "[a] judgment is final and appealable under 28 U.S.C. § 1291 if it 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *Maritime Elec. Co., Inc. v. United Jersey Bank*, 959 F.2d 1194, 1208 (3d Cir. 1991) (quoting *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 275 (1988) (quoting *Catlin v. United States*, 324 U.S. 229, 233 (1945))). Federal Rule of Civil Procedure 54(b) provides that "the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." Fed. R. Civ. P. 54(b). Absent a Rule 54(b) certification, "a judgment is final only if it disposes of all of the claims of all of the parties." *Maritime Elec. Co., Inc.*, 959 F.2d at 1208 (quoting *Matter of Vitreous Steel Products Co.*, 911 F.2d 1223, 1230 n.3 (7th Cir. 1990)) (internal quotation marks omitted); Fed. R. Civ. P. 54(b) ("[A]ny order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties . . . .").

Under this rule, "a decision that fixes the parties' liability but leaves damages unspecified is not final, and the adjudication of liability is not immediately appealable." *Gen. Motors Corp. v. New A.C. Chevrolet, Inc.*, 263 F.3d 296, 311 n.3 (3d Cir. 2001) (citing *United States v. F. & M. Schaefer Brewing Co.*, 356 U.S. 227, 233-34 (1958), and *Sun Shipbuilding & Dry Dock Co. v. Benefits Review Bd.*, 535 F.2d 758, 760 (3d Cir.

4

1976) (per curiam)); *see also Marshak v. Treadwell*, 240 F.3d 184, 190 (3d Cir. 2001) ("A finding of liability that does not also specify damages is not a final decision."). Under these circumstances, we will exercise jurisdiction under 28 U.S.C. § 1291 only when an order "is not technically final but resolves all issues that are not purely ministerial." *Marshak*, 240 F.3d at 190.

Here, the parties have explained in a letter to this Court that the Bankruptcy Court for the Eastern District of Pennsylvania entered a default judgment against Homeloan Financial on September 20, 2004. In that order, the Court scheduled a hearing to determine damages on May 6, 2005. That hearing was continued to June 10, 2005, and again to September 13, 2005. However, it has yet to take place. In the same letter, it is stated that "[c]ounsel for appellants has advised that he entered into settlement negotiations with a representative from Homeloan Financial, Inc., but that no settlement agreement was ever signed." This history reflects the fact that no damages have been assessed against Homeloan Financial, a party to this action, and the difficulty reaching finality on the calculation of damages militates against the conclusion that the issue is "purely ministerial." *See Marshak*, 240 F.3d at 191 (concluding that a district court's order that fixed liability and ordered the defendant "to account to [the plaintiff] for the profits he earned in each year, beginning with the first act of infringement in 1970 and ending with the first day of trial testimony in this case" was not "merely ministerial").

5

Thus, at the current time there is no final order under 28 U.S.C. § 1291, and we do not have the power to hear the Oscars' appeal.

III.

For the foregoing reasons, we will dismiss this appeal for lack of jurisdiction.